COMMONWEALTH *vs.* RUSSELL E. COLLINS.

No. 92-P-585.

Essex. September 9, 1993. - February 7, 1994.

Present: DREBEN, SMITH, & GREENBERG, JJ.

*Practice, Criminal,* Assistance of counsel, Continuance, Judicial discretion. *Constitutional Law,* Assistance of counsel. *Jury and Jurors. Judge. Idle and Disorderly Person.*

On appeal from convictions of disorderly conduct and assault and battery on a police officer, the defendant failed to demonstrate that his trial counsel was ineffective in that he failed to keep track of the whereabouts of a potential witness [28-30], to call two particular witnesses to testify [30], to take or offer photographs of the interior of the police station in which the incident occurred [30], or to summon the defendant's hospital records in order for them to be introduced at trial [30-31].

At a criminal trial the judge did not abuse his discretion in denying the defendant's motion for a continuance because a defense witness was unavailable where, despite trial counsel's persistent efforts to locate the witness, at the date of trial there was no assurance that the witness would ever be located. [32]

At a criminal trial, the judge acted within his discretion in accepting verdicts that the jury reached shortly after sending the judge a question, but before receiving his reply; the judge was not obliged to order the jury to cease their deliberations while he prepared a reply to their question. [32-33]

At the trial of a complaint charging disorderly conduct at a police station, the defendant was not entitled to a required finding on the ground that the Commonwealth had failed to prove that the offense occurred in a place to which the public or a substantial group has access. [33]

COMPLAINTS received and sworn to in the Amesbury Division of the District Court Department on July 16, 1990.

On transfer to the jury session of the Haverhill Division, the case was tried before *William H. Sullivan,* J., and a motion for a new trial was heard by him.

*Emanuel Howard* for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was charged with one count of disorderly conduct and three counts of assault and battery on a police officer. A jury of six found the defendant guilty of disorderly conduct and one count of assault and battery on a police officer. After his convictions, his appellate counsel filed a motion for a new trial. The trial judge, after listening to the arguments of counsel, denied the motion. The defendant raises several issues on appeal which we consider below.

We summarize the evidence presented by the Commonwealth. During the early morning hours of July 16, 1990, four uniformed State police officers were in a parked police van near the location of five or six drinking establishments in Salisbury Beach. That particular location was a gathering place for bar patrons at closing time of the establishments.

At 1:00 A.M., the owner of one of the bars yelled and waved to get the attention of the officers. The police had been called to that bar on other occasions to handle problems inside and outside the bar at closing time. The officers observed the bar's "bouncers" escorting four men from the bar. The men were the defendant, his brother Michael, and two other individuals. The defendant complained to the officers that he had been "short-changed" by the bartender. One officer told him to seek a complaint in the District Court. All the men were intoxicated, and Michael was so boisterous that the officers arrested him for being a disorderly person. The officers placed the other three men, including the defendant, in protective custody because they appeared to be a threat to themselves, the public or the officers as a result of their intoxication. G. L. c. 111B, § 8. The men's hands were handcuffed behind their backs, and all were transported in the van to the Salisbury police station.

When an officer, one Alvino, opened the door of the van to escort the men into the police station, the defendant began to yell that he should not be handcuffed and that the police did not know what they were doing. Alvino escorted the defendant down a corridor into the booking area of the police sta-

tion.[1] Suddenly, the defendant stopped short and butted Alvino in the jaw with his head. The other three officers tried to restrain the defendant, who was struggling. The officers eventually subdued him in the corridor and carried him to a cell. Two police officers, in addition to Alvino, testified that the defendant struck them during the fracas that occurred after Alvino was head-butted.[2] According to the police officers, the defendant did not have any visible injuries and did not request medical attention.

After the Commonwealth rested, the defendant presented the following evidence in support of his theory that he reacted in self-defense to the officers' alleged use of excessive and unnecessary force.

The defendant testified that he and his brother, Michael, went to several bars in the Salisbury Beach area before they arrived at the last establishment. They left that bar after being "ripped off." They returned, however, around closing time with two other men they had met earlier. The four men were not allowed to enter the establishment. The police appeared and arrested the defendant's brother for disorderly conduct. When the defendant tried to explain to the officers that they had been "robbed" in the establishment, one officer (Alvino) handcuffed his hands behind his back and placed him and the other two men in protective custody. Another officer threatened to put the defendant into a "body bag."

According to the defendant, after he was removed from the police van at the police station, two officers separated him from his brother, stood on his feet so that he could not move, and held his head so that he could not duck; an officer then punched him in the jaw. The defendant denied that he had head-butted Alvino but testified that he had head-butted another officer while being held from both sides by two of-

---

[1]The area consisted of a twenty-five foot long, five foot wide corridor, one end of which had been converted into a booking area.

[2]These two officers were two of the complainants in the three complaints charging the defendant with assault and battery on a police officer. The other complainant was Alvino, the officer who testified that the defendant butted him in the jaw. The jury returned a guilty verdict on that complaint and not guilty verdicts on the other two complaints.

ficers. The officers also kicked, punched and threatened to kill the defendant, before throwing him into a cell.

Later that morning, the defendant was brought to the Amesbury District Court for arraignment. He complained about his injuries, and the judge ordered that he be brought to the Amesbury hospital. He was examined and, after X-rays were taken, was given some instructions as to his treatment and released in the custody of the police.

Three other witnesses testified in behalf of the defendant. They were a fellow employee, a friend, and the defendant's wife. They all testified that, after his arrest, the defendant showed them bruises on his body.

1. *The denial of the new trial motion.* The defendant claims error by the trial judge in the denial of his motion for a new trial. Despite the fact that the jury acquitted the defendant on two of the four complaints, the defendant claimed in his motion, among other things, that his trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove that there was " '*serious* incompetency, inefficiency, or inattention of counsel' and, if so, [that] it 'likely deprived the defendant of an otherwise available, *substantial* ground of defence' " (emphasis in original). *Commonwealth* v. *Salcedo*, 405 Mass. 346, 350 (1989), quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

a. *Failure of trial counsel to keep track of the whereabouts of a potential witness.* The defendant claims that his trial counsel was ineffective because he failed to keep track of the whereabouts of Michael Goodrich, a potential witness. According to the defendant, Goodrich was an important witness who would have testified that he had seen the officers assault the defendant at the police station.

We summarize the facts contained in the affidavits filed by the defendant in support of his motion. On the day that the defendant was arraigned, his trial counsel spoke to Goodrich,

who was also being arraigned. Goodrich informed him that he had been arrested and was in custody at the police station when the defendant was arrested. According to Goodrich, some officers beat the defendant while he was in handcuffs. Goodrich told trial counsel that he lived in Maine and gave his address as a post office box number in South Waterboro, Maine.

Goodrich was later released and returned to Maine. Some four months later, some relatives of the defendant visited Goodrich in Maine. Goodrich wrote and signed a statement stating, "I . . . saw . . . three cops beat up [the defendant] in Salisbury Beach jail when he had handcuffs on." Goodrich indicated that he would not appear voluntarily at the trial to testify for the defendant.

Once it became clear to trial counsel that Goodrich would not voluntarily appear at the defendant's trial, he obtained process, pursuant to G. L. c. 233, § 13B, from the District Court to secure Goodrich's appearance at the trial. Trial counsel then traveled twice to Maine and sought the assistance of the authorities there to secure Goodrich's appearance. Further, he requested and received a continuance of the trial in order to locate Goodrich. His attempts to locate Goodrich were unsuccessful.

Keeping "track" of a potential witness requires to a large extent the cooperation of that person. Here, Goodrich gave trial counsel a post office box as his address. Although the defendant's relatives located him some months after the incident, nothing in any of the defendant's affidavits stated that they shared Goodrich's street address with trial counsel. The record clearly shows that trial counsel made several efforts to obtain Goodrich's attendance at trial, including the obtaining of process and making trips to Maine. Contrast *Commonwealth* v. *Chase*, 14 Mass. App. Ct. 1032, 1034 (1982); *Commonwealth* v. *Scott*, 19 Mass. App. Ct. 983, 984-985 (1985). In these circumstances and considering the diligent efforts of trial counsel to locate Goodrich, his conduct did not

amount to "serious incompetency, inefficiency, or inattention of counsel." *Commonwealth* v. *Saferian, supra.*[3]

b. *Failure to call two individuals to testify.* The defendant claims that his trial counsel was ineffective because he failed to call the defendant's brother and one Coppola as witnesses. Coppola was one of the individuals placed in protective custody and taken to the police station with the defendant.

The defendant did not accompany his new trial motion with affidavits from the two individuals setting forth the testimony they would have given had they been called as witnesses. The motion judge was unable to rule on the question whether their testimony would likely have made a material difference. See *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977) ("there ought to be some showing that better work might have accomplished something material for the defense"). Therefore, the defendant has failed to establish that his trial counsel was ineffective in not summoning the two witnesses to testify.

c. *Failure to take photographs of interior of police station.* The defendant claims that his trial counsel was ineffective because he failed to take or offer photographs of the police station. The defendant's affidavit is vague about the layout of the police station's interior and its importance to the defense. Further, the defendant did not provide photographs with the new trial motion to support his claim of their importance. On this claim, there was no showing that trial counsel was ineffective.

d. *Failure to summon defendant's hospital records.* The defendant argues that his trial counsel was ineffective because he did not summon to court his hospital records in order for the records to be introduced in evidence at the trial. According to the defendant, the records would have corroborated his testimony that he received a beating from the officers.

---

[3]Appellate counsel argued that trial counsel should have attempted to preserve the testimony of Goodrich by seeking to take his deposition. That argument misses the point. Trial counsel first had to find Goodrich before he could take a deposition.

A copy of the hospital records accompanied the new trial motion. The records showed that the defendant, upon admission to the emergency room, complained of pain, dizziness and injuries to his head and ribs. Examination of the defendant revealed that he had contusions on his upper ribs. However, X-rays of the defendant's chest and ribs were negative. The records then show that the defendant was discharged from the emergency room and instructed: (1) no lifting or bending, (2) apply warm packs ½ hour four times per day and (3) take Advil 800 milligrams every four hours.

The absence of the hospital records does not demonstrate that trial counsel was ineffective. During the trial, the police admitted that they had used force to subdue the defendant which may have caused injuries to him. The Commonwealth contested the extent of the defendant's injuries, not their existence. In view of the Commonwealth's position, any evidence in the hospital records as to the existence of injuries would merely be cumulative. Moreover, the introduction of the hospital records might have proved harmful to the defendant. In regard to the extent of his injuries, the defendant testified that, as a result of the officers beating him, he had "twenty-seven" lumps on his head and his whole body was "severely bruised." The hospital records did not support the defendant's testimony, and therefore, their introduction in evidence could have affected his credibility in the eyes of the jury.[4]

e. *Conclusion as to ineffectiveness of counsel claim.* The defendant was found not guilty on two complaints charging him with assault and battery on a police officer. Those results

---

[4]The defendant also claims that as a result of trial counsel's failure to summon the hospital records, the prosecutor was able to state in her closing argument that the defendant was not injured, despite his testimony to the contrary.

In accordance with the Commonwealth's position at trial, the prosecutor, in her closing argument, did not challenge the existence of the defendant's injuries but only their extent. Her comments were a fair topic for argument in view of the defendant's testimony in regard to the extent of his injuries.

As we have stated in the text, the hospital records did not corroborate at all the defendant's testimony as to the extent of his injuries.

were obtained, to a great extent, as a result of the skill of his trial lawyer. We hold that the defendant's trial lawyer was not ineffective in any way and the judge did not commit error in denying that aspect of the motion for a new trial.

2. *Denial of defendant's motion for a continuance.* On the day of trial, the defendant's trial counsel requested a continuance of the trial on the ground that Goodrich was not available to testify. The judge denied the motion and the defendant claims error.

Despite trial counsel's persistent efforts to locate Goodrich, at the date set for trial there was no assurance that he would ever be located. In these circumstances, the judge did not abuse his discretion in denying the motion for continuance. See *Commonwealth* v. *Liberty*, 27 Mass. App. Ct. 1, 3-4 (1989).

3. *The judge's response to jury's question.* During deliberations, the jury sent a question to the judge.[5] The judge did not immediately respond because he was presiding at another trial and defense counsel was not available. Without receiving an answer to its question, the jury informed the judge that they had reached verdicts on the complaints. After defense counsel arrived, the judge received the verdicts without answering the jury's question. On appeal, the defendant argues that the judge should have ordered the jury to stop deliberating until he answered the question.

We hold that it is within a judge's discretion to decide whether to order a jury to stop deliberating while he or she prepares a response to a jury question. Here, the question pertained to the self-defense aspects of the trial. The judge had correctly instructed the jury on those principles. In these circumstances, "[t]he jury were best suited to decide whether further instruction was necessary, and their action speaks for itself." *Commonwealth* v. *Harvey*, 397 Mass. 351, 359-360

---

[5]The paper on which the question had been written was returned to the jurors by mistake, and they misplaced it. Three days after the trial concluded the jury foreman redrafted the question as follows: "How much force is the defendant allowed to use in defending himself?"

(1986).[6] We note also that the jury acquitted the defendant on two of the three complaints that charged him with assault and battery on a police officer. Obviously, they were not confused by the judge's instructions in regard to the principles of self-defense.

4. *The denial of the required finding of not guilty.* The defendant argues that the judge committed error in denying his motion for a required finding of not guilty on the disorderly conduct charge. He claims that the police station, including the booking area, was not a public place within the meaning of the statute.

To prove the "public" element of the charge, the Commonwealth must establish that the offense occurred in a place "to which the public or a substantial group has access." *Commonwealth* v. *A Juvenile*, 368 Mass. 580, 585-586 (1975), citing *Alegata* v. *Commonwealth*, 353 Mass. 287, 304 (1967).

There was evidence that the defendant engaged in tumultuous behavior in the corridor leading up to the booking desk. That area of a police station is a public place. See *People* v. *Fine*, 135 N.Y.S.2d 515, 515-516 (1954). There was no error in denying the defendant's motion for a required finding of not guilty.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*

---

[6]In *Commonwealth* v. *Harvey, supra,* the deliberating jury sent a note to the judge requesting further instruction on the meaning of reasonable doubt. The judge did not respond immediately because he was presiding in another session. The jury then sent a second note withdrawing the question and indicating that verdicts were reached. The defendant challenged the judge's decision to receive the verdicts and requested that the judge ask the jury if they needed further instruction. The judge declined, and the Supreme Judicial Court found no error.