**UNITED STATES of America, Plaintiff, Appellee,**

v.

**George A. RIDDLE, Defendant, Appellant.**

**No. 94–2087.**

United States Court of Appeals, First Circuit.

Heard Feb. 8, 1995.

Decided Feb. 16, 1995.

Robert A. Levine, by Appointment of the Court, Portland, ME, for appellant.

Michael M. DuBose, Asst. U.S. Atty., with whom Jay P. McCloskey, U.S. Atty., Portland, ME, was on brief for the U.S.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

PER CURIAM.

On April 22, 1994, defendant George A. Riddle pled guilty to a single count charging him with the offense of possession of a firearm by a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(e). A second count was later dismissed. The presentence report revealed that Riddle, who had turned eighteen in 1990, had in the following year embarked on a small crime spree of burglaries; he had committed such burglaries on March 17, May 9, May 28 (two separate incidents) and June 12, 1991, and had been sentenced for all of them at the same time on November 8, 1991.

After serving concurrent sentences, Riddle continued on his course of crime, by committing burglary and arson in a commercial building on November 22, 1993. Two days later, Riddle engaged in an armed robbery. It was in the investigation of the November 22 offense that the police obtained evidence linking Riddle with it and with the November 24 armed robbery. The investigation also revealed Riddle's possession of two handguns, leading to the felon in possession conviction in the present case.

Because of the five separate burglaries and the resulting convictions in 1991, the district court sentenced Riddle on the felon in possession charge under the Armed Career Criminal Act, 18 U.S.C. 924(e). The statute requires that a defendant who violates the felon in possession statute, 18 U.S.C. § 922(g), be given a 15–year mandatory minimum sentence if the defendant has three previous convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is defined to include burglary punishable by imprisonment for more than one year. 18 U.S.C. § 924(e)(2)(B)(ii).

The Sentencing Guidelines contain a separate provision applicable to anyone who meets the statutory definition of an armed career criminal under 18 U.S.C. § 924(e). U.S.S.G. § 4B1.4. In this case, it is undisputed that if Riddle falls within the armed career criminal definition, the implementing guideline provides a sentencing range with a *minimum* of 188 months' imprisonment. This resulted from his possession of a firearm in connection with the November 24, 1993, robbery and a three-level downward adjustment for acceptance of responsibility. The district court sentenced Riddle to 188 months' imprisonment.

On appeal, the only question posed is whether Riddle does fit the definition of armed career criminal. Riddle does not dispute that prior to his present conviction he committed burglaries on five different occasions on four different dates, and was ultimately convicted for all five. Rather, focusing on the requirement that there be three previous convictions for violent felonies "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), Riddle makes three different arguments.

■ First, he points to the general sentencing guideline used for computing criminal history, U.S.S.G. § 4A1.2, which provides in commentary that prior sentences are considered related and counted as only one sentence where *inter alia* the offenses were consolidated for trial or sentencing. *Id.* comment (n. 3). This relatedness restriction has also been incorporated in the separate guideline that determines whether an individual has at least two prior violent felony convictions and may therefore be subject to an

enhanced sentence as a "career offender." U.S.S.G. §§ 4B1.1, 4B1.2(3) & comment (n. 4).

The relatedness requirement is a rule of thumb device employed by the Commission which enhances the discretion of district courts in administering the criminal history provisions, see *United States v. Elwell,* 984 F.2d 1289 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2429, 124 L.Ed.2d 650 (1993), and is also available to them in applying the career offender guideline. The Commission did not purport to adopt this relatedness requirement in the armed career criminal guideline, and there is no reason to think that it had any intention to do so. *United States v. Maxey,* 989 F.2d 303, 307–08 (9th Cir.1993).

Indeed, there might be a serious question whether the Commission would be entitled to do so. The ordinary criminal history calculations and, to a large extent, the career offender guideline are products of the Commission's own devising, with some very general guidance from Congress; by contrast, the armed career criminal provision results from rather precise statutory language, which the Commission simply adopts in its armed career criminal guideline. In all events, this difference in origin certainly reenforces the view that the armed career criminal guideline was not intended to incorporate the relatedness requirement. *Cf.* U.S.S.G. § 4B1.4 comment. (n. 1) (noting difference between statutory definition and U.S.S.G. §§ 4A1.2 and 4B1.1).

■ Riddle's next argument is that the five burglaries, although literally committed on separate occasions, were manifestations of a single youthful crime spree and ought to be considered a single violent felony under the statute. The difficulty is that Congress has spoken with reasonable precision in specifying that the felonies be ones "committed on occasions different from one another." Riddle's five convictions embraced five different incidents on four different dates involving five different locations and victims.

Whatever elastic there may be in the statutory language, it is not a reasonable stretch of language to describe five burglaries at five different locations on four different dates as occurring on the same occasion. The case law in this circuit, *e.g., United States v. Lewis,* 40 F.3d 1325, 1346 (1st Cir.1994) (citing other First Circuit cases), and in practically all other circuits, has rejected contentions of this kind, sometimes in much closer cases. *E.g., United States v. Godinez,* 998 F.2d 471 (7th Cir.1993). While there may be crimes so closely related as to pose difficult issues under the statute, this case is not a difficult one.

■ Finally, Riddle argues that it does not make sense to describe as an armed career criminal someone whose "career" of crime occurred in a couple of spurts within a year or so of his eighteenth birthday. The district court thoughtfully considered and addressed the argument, and there is not a great deal more to say. Congress, thinking primarily about the protection of the public, adopted a definition of armed career criminal that ignores the duration of the career or the youthfulness of the adult offender or the lack of lengthy intervals or arrests between the crimes.

Congress' approach produces very severe results in certain cases. Whether the result is severe or something worse in Riddle's case is a matter of dispute (our opinion has not completely recounted his criminal involvements). What we have no reason to doubt is that Congress intended its statute to work in accordance with its defining terms rather than through the impressionistic evaluation of judges as to whether a defendant was or was not "an armed career criminal" in the lay sense of those words.

*Affirmed.*