USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2332 UNITED STATES OF AMERICA, Appellee, v. MICHAEL V. SCHOFIELD, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ George J. West, by Appointment of the Court, for appellant. ______________ Margaret E. Curran, Assistant United States Attorney, with whom ___________________ Sheldon Whitehouse, United States Attorney, and Gerard B. Sullivan, __________________ ___________________ Assistant United States Attorney, were on brief for the United States. ____________________ June 10, 1997 ____________________ Per Curiam. Michael Schofield pled guilty to one count __________ of being a "felon in possession" of a firearm, 18 U.S.C. 922(g), and received a mandatory minimum sentence of 15 years imprisonment under the Armed Career Criminal Act ("ACCA"), id. 924(e)(1). He now appeals this sentence, ___ arguing that certain prior state convictions in Rhode Island do not count as "predicate offenses" triggering the ACCA. We disagree and affirm. The ACCA establishes a 15-year mandatory minimum sentence for any person who violates section 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. 924(e)(1). Prior to Schofield's guilty plea, the government filed an information charging him with six prior "violent felony" convictions, which are also described in his Presentence Investigation Report ("PSR"). On appeal, he does not challenge the classification as a violent felony of one robbery conviction. See PSR 40. ___ Schofield does, however, argue that the other five convictions were not for "violent felonies" within the meaning of the statute. Schofield's argument might seem extraordinary with respect to his prior conviction for second degree robbery. See PSR 38. In the course of that offense, Schofield ___ knocked his victim to the pavement and stole her purse-- -2- -2- certainly "violent" conduct. But the ACCA operates at a level of abstraction and requires courts, in determining predicate convictions, to employ "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, ______ ______________ 600 (1990). Nevertheless, Rhode Island's second degree robbery offense is plainly a predicate offense for purposes of the ACCA. The statute--unchanged in pertinent part since Schofield's violation in 1991--defines second degree robbery as "robbery or other larceny from the person by force or threat, where there is no weapon and no injury and the victim is neither a handicapped person or an elderly person." R.I. Gen. Laws 11-39-1. The "force or threat" requirement undoubtedly brings the offense within the ACCA's category of violent felonies, which includes any felony that, inter alia, __________ "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B).1  ____________________ 1Accord United States v. Brown, 52 F.3d 415, 426 (2d ______ _____________ _____ Cir. 1995) (New York attempted robbery conviction is a "violent felony"), cert. denied, 116 S. Ct. 754 (1996); ____________ United States v. Presley, 52 F.3d 64, 69 (4th Cir.), cert. ______________ _______ _____ denied, 116 S. Ct. 237 (1995) (Virginia robbery conviction is ______ "violent felony"); United States v. Dickerson, 901 F.2d 579, _____________ _________ 584 (7th Cir. 1990) (Illinois robbery conviction is "violent felony"). -3- -3- We are left to determine whether one or more of Schofield's breaking and entering convictions can serve as a predicate offense, bringing to three the total number of "violent felonies." One of those convictions was for breaking and entering a commercial or public building in violation of R.I. Gen. Laws 11-8-4. See PSR 39.2 We ___ have previously held that convictions for conspiracy to violate this same statute are "violent felonies" within the meaning of U.S.S.G. 4B1.2(1), United States v. Fiore, 983 _____________ _____ F.2d 1, 4 (1st Cir. 1992), cert. denied, 507 U.S. 1024 _____________ (1993); and cases interpreting that provision are pertinent in construing the ACCA's "violent felonies" category, see ___ United States v. Winter, 22 F.3d 15, 18 n.3 (1st Cir. 1994). _____________ ______ (Under Taylor, it is irrelevant whether the school was ______ occupied or there was any actual threatened violence.) Because the schoolhouse breaking and entering offense was a violent felony, we need not consider the other three breaking and entering convictions. Finally, Schofield contends that the various prior offenses were not "committed on occasions different from one  ____________________ 2As Schofield observes, the state judgment and other documents do not indicate the specific breaking and entering statute under which Schofield was convicted. But Schofield does not dispute the PSR's portrayal of the offense, which involved the breaking and entering of a public school building. Section 11-8-4 is the only Rhode Island breaking and entering statute that would have applied to this crime. See R.I. Gen. Laws 11-8-2 et seq. ___ _______ -4- -4- another," as required by section 924(e)(1). But there is no question that the three predicate offenses on which we have relied took place on different dates and at different locations, and that is all the ACCA requires. United States _____________ v. Riddle, 47 F.3d 460, 462 (1st Cir. 1995). "Congress, ______ thinking primarily about the protection of the public, adopted a definition of armed career criminal that ignores the duration of the career . . . or the lack of lengthy intervals or arrests between the crimes." Id. Because the ___ district court properly sentenced Schofield under the ACCA, we need not reach his challenges to the alternative sentence imposed under the Sentencing Guidelines. Affirmed. ________ -5- -5-