USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1655 UNITED STATES, Appellee, v. MARTIN FERNANDEZ, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ____________________ Before Cyr and Lynch, Circuit Judges, and McAuliffe, District Judge. _____________________ Miriam Conrad, Federal Defender Officer, for appellant. Robert E. Richardson, Assistant United States Attorney, with whom Donald  K.  Stern, United States Attorney, was on brief for appellee. ____________________ August 6, 1997 ____________________  Of the District of New Hampshire, sitting by designation. McAULIFFE,  District Judge . Martin Fernandez pled guilty to an unarmed bank robbery charge in February of 1996. See 18 U.S.C. S 2133(a). The district judge (Young, J.), confronted with Fernandez' criminal history, found him to be a career offender and sentenced him accordingly. See U.S.S.G. S 4B1.1. On appeal Fernandez challenges his sentence, arguing that he did not qualify as a career offender under the sentencing guidelines. He says the district court's contrary finding was legally incorrect for at least two reasons: (1) the district judge erred when he concluded that the Massachusetts crime of assault and battery on a police officer (one of Fernandez' predicate offenses) is, categorically, a crime of violence within the meaning of U.S.S.G. S 4B1.1; and (2) the district judge's alternate finding (that the facts underlying Fernandez' offense establish it as a crime of violence) was based on an impermissible judicial inquiry into the discrete circumstances of his offense conduct. Because we conclude that the Massachusetts crime of assault and battery on a police officer is, categorically, a crime of violence within the meaning of U.S.S.G. S 4B1.1, we need not address Fernandez' contention that the trial judge's factual inquiry was inconsistent with the mandate of Taylor v. United States, 495 U.S. 575 (1990), and we affirm the sentence. Background Fernandez' career offender status rested on two underlying state convictions: assault and battery by means of a dangerous weapon and assault and battery upon a police officer. Fernandez did not object to classification of the former as a "crime of violence" within the meaning of U.S.S.G. S 4B1.1. He did, however, object to consideration of his prior assault and battery upon a police officer as a "crime of violence." The district judge overruled Fernandez' objections, determined that he was indeed a career offender, and sentenced him at the low end of the applicable guideline range. On appeal, Fernandez argues that because, under Massachusetts law, the crime of assault and battery upon a police officer can include both violent and non-violent variants, the district judge erred when he classified the offense as one of violence within the meaning of the career offender provisions of the guidelines. Fernandez' guideline sentencing range would have been more favorable to him if the offense had not been so classified. Discussion Whether Fernandez' prior conviction for assaulting a police officer is properly deemed a predicate "crime of violence" under U.S.S.G. S 4B1.1 is a question of law, which we review de novo. See  United States v.  Winter, 22 F.3d 15, 18 (1st Cir. 1994). For purposes of the career offender provisions, the sentencing guidelines define "crime of violence" as: (1) [A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or -3- otherwise  involves  conduct  that  presents  a serious  potential  risk  of  physical  injury  to another. U.S.S.G. S 4B1.2 (November 1, 1995) (emphasis supplied). Some offenses are easily recognized as crimes of violence because they are specifically listed in the guideline (e.g., arson), or because an essential element includes the use or threatened use of force against another person (e.g., armed robbery). But an offense not listed, and which does not include among its elements the use, attempted use, or threatened use of force against another person, still might qualify under S 4B1.2 if it involves conduct that "presents a serious potential risk of physical injury to another." Whether such an offense qualifies on that ground is determined according to a standard generic approach, "in which inquiry is restricted to the statutory definition[] of the prior offense[], without regard to the particular facts underlying [it]." United  States v. Meader, No. 96-2123, 1997 WL 375003, at *6 (1st Cir. July 11, 1997); accord United  States v. Schofield, 114 F.3d 350, 351 (1st Cir. 1997); Winter, 22 F.3d at 18;  cf.  Taylor v.  United States , 495 U.S. 575, 600 (1990) (adopting a similar categorical approach when determining whether a crime is one of violence under the armed career criminal provisions of 18 U.S.C. S 924(e)(2)(B)(ii)). As this court has previously held: [R]ather than investigating the facts and circumstances of each earlier conviction, an inquiring court, in the usual situation, looks exclusively to the crime as the statute of conviction defined it; or, put another way, the court examines only the statutory -4- formulation of the predicate crime in order to ascertain whether that crime is a crime of violence for purposes of the federal sentencing guidelines. United  States v. DeLuca, 17 F.3d 6, 8 (1st Cir. 1994) (footnote omitted). Only under limited circumstances may a court look beyond the elements of the crime as statutorily defined and examine documents, such as charging papers or jury instructions, in an effort to determine whether the predicate offense should count for career offender purposes. See Taylor, 495 U.S. at 602; United States v. DeJesus, 984 F.2d 21, 23 n.5 (1st Cir. 1993). Here, Fernandez argues that assault and battery on a police officer should not be classified as a crime of violence under S 4B1.1 because the criminal statute defining his offense (Mass. Gen. L. ch. 265, S 13D) criminalizes both violent and non- violent conduct. His point about the statute's scope finds support in this court's opinion in United States v. Harris, 964 F.2d 1234 (1st Cir. 1992), where we noted: "The Massachusetts 'assault and battery' statute covers two separate crimes -- one involving actual (or potential) physical harm and the other involving a 'nonconsensual' but unharmful touching." Id. at 1236. Because  Under the Massachusetts criminal code, both simple assault and battery (Mass. Gen. L. ch. 265, S 13A) and assault and battery upon a police officer (Mass. Gen. L. ch. 265, S 13D) are specific intent crimes. Compare Commonwealth v. Chasson, 423 N.E.2d 306, 311 n.4 (Mass. 1981) ("A conviction of assault and battery requires a finding of an intentional striking of the victim.") with Commonwealth v.  Moore, 632 N.E.2d 1234, 1238 (Mass. App. Ct. 1994) ("The offense of assault and battery on a police officer requires a specific intent to strike a police officer."). The only substantive distinction between the elements of those offenses is that with regard to the latter, the defendant must know that the -5- both violent and non-violent conduct is covered by the statute, and because his prior conviction could have been based on the non- violent variant of assault and battery upon a police officer, Fernandez says his prior offense should not have been counted in deciding his career offender status. Although we have not directly addressed the precise issue Fernandez raises, we have implied that assault and battery upon a police officer, in violation of Mass. Gen. L. ch. 265, S 13D, is properly considered a "crime of violence" for federal sentencing guidelines purposes. See United  States v. Santiago, 83 F.3d 20, 26-27 (1st Cir. 1996) (holding that although the defendant was sentenced to less than one year in prison, his conviction for assault and battery against a police officer constituted a "predicate offense[] within the purview of the career offender guideline."); United States v. Pratt, 913 F.2d 982, 993 (1st Cir. 1990) (holding that defendant's state misdemeanor convictions, two of which were for assault and battery on a police officer, constituted predicate "crimes of violence" under U.S.S.G. S 4B1.1.); see also United States v. Tracy, 36 F.3d 187, 199 (1st Cir. 1994) (holding that defendant had adequate notice of the government's intention, for sentencing purposes, to rely upon his state conviction for assault and battery upon a police officer and  victim is a police officer, acting in the course of his or her official duties. Accordingly, for the purposes of this discussion, we will assume that our reasoning in Harris, supra, applies with equal force to the crime of assault and battery upon a police officer and, therefore, that it is possible to commit that crime by means of a nonconsensual, but unharmful touching of a police officer.  -6- concluding that the district court did not err in considering defendant's conviction in enhancing his sentence under the Armed Career Criminal Act.), cert. denied, 115 S. Ct. 1717 (1995). In any event, that Fernandez  might have been convicted of the non-violent variety of assault and battery upon a police officer (looking just at the record of conviction and the Massachusetts statute) does not undermine our conclusion that the crime is, for purposes of U.S.S.G. S 4B1.1, properly categorized as a crime of violence. As we have said, the important point is not the breadth of the statutory sweep but the degree of risk, expressed in terms of the probability of physical harm presented by the mine-run of conduct that falls within the heartland of the statute. Applying this test in the post- Taylor era, we have repeatedly classified as crimes of violence offenses in which actual or threatened force against another person is likely, although by no means certain. DeJesus, 984 F.2d at 24. It would seem self-evident that assault and battery upon a police officer usually involves force against another, and so meets that standard. At a minimum, assault and battery upon a police officer requires purposeful and unwelcomed contact with a person the defendant knows to be a law enforcement officer actually engaged in the performance of official duties.  See  Commonwealth v. Moore, 632 N.E.2d 1234, 1238 (Mass. App. Ct. 1994). While it is true that neither violence, nor the use of force, is an essential element of the crime as statutorily defined, still, violence, the use of force, and a serious risk of physical harm are all likely to -7- accompany an assault and battery upon a police officer. See, e.g., Winter, 22 F.3d at 20 ("A categorical approach is not concerned with testing either the outer limits of statutory language or the myriad of possibilities girdled by that language; instead, a categorical approach is concerned with the usual type of conduct that the statute purports to proscribe."). Our conclusion is entirely consistent with our holding in United  States v. Harris, supra. While we acknowledge that Massachusetts does criminalize both violent and non-violent assaults upon police officers in the same criminal statute, we also necessarily recognize that the conduct proscribed by the statute nearly always involves the intentional striking of a police officer while in the performance of official duty. This nearly always poses a serious risk of actual or potential physical force and the  Recent Massachusetts cases in which the defendant was charged with assault and battery upon a police officer reveal, not surprisingly, the consistent involvement of physical force and risk of injury. Each reported case involved actual (not merely threatened) use of force by the defendant and a serious risk of injury to the officer or another. See Commonwealth v. Gogan, 449 N.E.2d 365 (Mass. 1983) (defendant resisted arrest, struggled with officer, and fell to ground on top of officer); Commonwealth v. Gagnon, 643 N.E.2d 1045 (Mass. App. Ct. 1994) (defendant convicted of masked armed robbery, assault with intent to murder, attempted murder, and assault and battery upon a police officer), modified, 645 N.E.2d 696 (Mass. 1995);  Commonwealth v.  Moore, 632 N.E.2d 1234 (Mass. App. Ct. 1994) (defendant grabbed officer's wrist and dragged him along road with his vehicle);  Commonwealth v.  Collins, 627 N.E.2d 941 (Mass. App. Ct. 1994) (defendant head-butted officer in jaw); Commonwealth v. McCrohan, 610 N.E.2d 326 (Mass. App. Ct. 1993) (defendant initiated a violent struggle with two police officers); Commonwealth v. Holmes, 609 N.E.2d 489 (Mass. App. Ct. 1993) (defendant struck officer with car door, knocking him to the ground); Commonwealth v. Gonzalez, 500 N.E.2d 287 (Mass. App. Ct. 1986) (defendant struck officer). -8- likelihood of physical injury -- to the police officer initially, and to the perpetrator (and even the public) subsequently, when the officer reacts or attempts to subdue the offender. That law enforcement officers usually carry weapons when on duty only heightens the serious risk of injury associated with such an assault. Accordingly, we hold that assault and battery upon a police officer, in violation of Mass. Gen. L. ch. 265, S 13D, is categorically a crime of violence within the meaning of the career offender provisions of the sentencing guidelines, U.S.S.G. S 4B1.1, notwithstanding that its statutory definition admits a non-violent means of commission. Conclusion For the foregoing reasons, we hold that an assault and battery upon a police officer, in violation of Mass. Gen. L. ch. 265, S 13D, is categorically a crime of violence under U.S.S.G. S 4B1.1. Accordingly, the district judge's conclusion that Fernandez is a career offender under the guidelines, and the sentence imposed, are affirmed.  Of course, a defendant may, in an appropriate case, seek relief under the guidelines by filing a departure motion if his or her predicate offense actually involved the non-violent form of assault and battery on a police officer. This, however, is not such a case. Fernandez did not attempt to show that he actually committed a non-violent form of assault and battery upon a police officer. Instead, he has simply asserted that because the underlying state statute criminalizes both violent and non-violent conduct alike, that crime cannot, as a matter of law, constitute a "crime of violence" for purposes of determining his career offender status for federal sentencing purposes. -9-