**UNITED STATES of America**

v.

**George WASHINGTON, Defendant**

**No. CRIM.03–41–P–H–04.**

United States District Court,
D. Maine.

April 21, 2004.

Helene Kazanjian, Assistant United States Attorney, Portland, ME, for United States of America.

Peter E. Rodway, Rodway & Horodyski, Portland, ME, for George Washington aka Anthony Long, Defendant.

**ORDER ON GOVERNMENT'S MOTION FOR A DETERMINATION IN ADVANCE OF SENTENCING AS TO WHETHER CERTAIN CONVICTIONS QUALIFY AS CAREER OFFENDER PREDICATES**

HORNBY, District Judge.

The question is whether this defendant, George Washington, should be treated as a career offender under United States Sentencing Guideline ("Guideline") 4B1.1. After a presentence conference, the parties filed legal memoranda on the issue and have agreed that I should rule in advance of the sentencing hearing so as to determine the scope of that hearing.

It is undisputed that Washington meets the first two criteria of Guideline 4B1.1: (1) he was over age eighteen when he committed the offense for which he is about to be sentenced, and (2) this offense is a controlled substance felony. The dispute is whether he meets the third criterion, requiring that he have two prior felony convictions of either crimes of violence or controlled substance offenses. It is undisputed that he satisfies one of the two predicates. Specifically, he has a felony drug conviction in Massachusetts on May 14, 1992. Revised Presentence Report ("PSR") ¶ 30; Gov't Mot., Ex. B. The government claims that any or all of three other convictions qualify for the second

predicate offense. Washington disagrees. The first, a Massachusetts unarmed robbery felony conviction, also of May 14, 1992, PSR ¶ 29; Gov't Mot. Ex. A, he says is "related to" the drug conviction and therefore cannot be separately counted. The second, a Massachusetts assault and battery with a dangerous weapon conviction of August 16, 1994, PSR ¶ 31; Gov't Mot. Ex. C, does not count, he argues, because categorically that offense can include nonviolent conduct and the government has provided no additional information about the circumstances underlying the particular conviction. The third, a Massachusetts assault and battery conviction of May 14, 1998, PSR ¶ 35; Gov't Mot. Ex. D, does have accompanying documentation that Washington concedes makes it qualify as the second predicate, but he says that the government has not proven that it was he who committed the assault and battery.

I conclude that Massachusetts assault and battery with a dangerous weapon is categorically a crime of violence, thereby meeting the second predicate requirement for career offender status. Therefore, I do not decide whether the unarmed robbery is "related to" the previous drug conviction. At this point, I have no evidence on the question whether Washington is the person who committed the other assault and battery. If the government wishes to proceed on this predicate offense as well, the parties shall notify the Clerk's Office how much time is required for an evidentiary hearing on that topic. Otherwise, I understand that the only remaining factual issue in dispute is drug quantity for the current conviction.

## ANALYSIS

Mass. Gen. Laws ch. 265, § 15A criminalizes assault and battery "by means of a dangerous weapon." Neither "assault and battery" nor "dangerous weapon" is defined in the Massachusetts statute. However, the First Circuit has implied that Massachusetts assault and battery with a dangerous weapon qualifies as a crime of violence:

> The appellant argues that the later conviction for assault and battery with a dangerous weapon should be excluded because the "weapon" was a pair of work boots. We do not see what possible difference flows from this distinction.... [W]e take a categorical approach to the examination of predicate offenses in order to determine whether they meet the requirement of the career offender guideline.

*United States v. Santiago*, 83 F.3d 20, 27 n. 4 (1st Cir.1996). Moreover, the Guidelines themselves and other caselaw support that conclusion. First, the Guidelines define the term crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Guideline 4B1.2(a)(1). Assault and battery with a dangerous weapon necessarily carries at least the threat of physical force. Second, the Guidelines also include within the category of crimes of violence "conduct that presents a serious potential risk of physical injury to another." Guideline 4B1.2(a)(2). Massachusetts caselaw defines "dangerous weapon" as "an instrument or instrumentality which, because of the manner in which it is used, or attempted to be used, endangers the life or inflicts great bodily harm." *Commonwealth v. Sexton*, 425 Mass. 146, 680 N.E.2d 23, 26 (1997). Assault and battery with a dangerous weapon, therefore, necessarily meets that criterion as well.

The First Circuit's analysis in *United States v. Fernandez*, 121 F.3d 777 (1st Cir.1997), is also pertinent here. In *Fernandez*, the court recognized that some

**50**

crimes of assault and battery may involve merely unconsented touching, and thus not be violent. Nevertheless, when the offense charged is assault and battery *on a police officer*, the court held, the risk of violence is such that the offense should categorically be treated as a crime of violence, even though some nonviolent crimes may be included. The same argument applies to assault and battery with a dangerous weapon. According to the First Circuit,

> the important point "is not the breadth of the statutory sweep but the degree of risk, expressed in terms of the probability of physical harm presented by the mine-run of conduct that falls within the heartland of the statute. Applying this test in the post-*Taylor* era, we have repeatedly classified as crimes of violence offenses in which actual or threatened force against another person is likely, although by no means certain."

121 F.3d at 779–80 (quoting *United States v. DeJesus*, 984 F.2d 21, 24 (1st Cir.1993)). Likewise here, even if "neither violence, nor the use of force, is an essential element of the crime as statutorily defined, still, violence, the use of force, and a serious risk of physical harm are all likely to accompany an assault and battery [with a dangerous weapon]." *Id.* at 780. (I have substituted the words "with a dangerous weapon" for "upon a police officer." The risks are comparable.)

For these reasons, I conclude that George Washington is a career offender within the meaning of Guideline 4B1.1.

So ORDERED.