NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0083n.06

Case No. 20-6287

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | **FILED**<br>Feb 10, 2023<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| RONNIE R. LOVELL, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: CLAY, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Ronnie Lovell burglarized six different residences on six different days over the course of more than a month. He now claims the district court plainly erred in concluding these robberies occurred on different "occasions." We affirm.

I.

Lovell pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). At the time of his sentencing, that offense typically carried a maximum penalty of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2) (2020) (amended 2022). But because Lovell had previously pled guilty to six aggravated burglaries under Tennessee law, the district court determined that the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum applied. *See* 18 U.S.C. § 924(e)(1). So the district court sentenced Lovell to fifteen years' imprisonment.

Lovell appealed, and while his appeal was pending, our circuit decided *United States v. Stitt*, 860 F.3d 854, 856 & 862 (6th Cir. 2017) (en banc), which held that Tennessee aggravated burglary wasn't a violent felony for ACCA purposes. In light of that case, we vacated Lovell's sentence and remanded. But before he was resentenced, the Supreme Court reversed *Stitt*, holding that Tennessee aggravated burglary *was* an ACCA violent felony. *United States v. Stitt*, 139 S. Ct. 399, 406–07 (2018). So at Lovell's resentencing, the district court again determined ACCA applied and reimposed a fifteen-year sentence. The court overruled Lovell's objections that Tennessee aggravated burglary still wasn't a violent felony and that an earlier version of the Sentencing Guidelines should be used. Lovell again appealed his sentence.

## II.

Lovell now claims for the first time that his burglaries don't trigger ACCA because they didn't occur on different "occasions." *See* 18 U.S.C. § 924(e)(1). Alternatively, he argues that the Constitution bars the district court from finding the facts needed to make this determination. Since Lovell makes both arguments for the first time on appeal, we review for plain error. *United States v. Southers*, 866 F.3d 364, 366 (6th Cir. 2017). To succeed on plain-error review, Lovell has to prove three things: (1) there was an error (2) that was "clear or obvious" and (3) that affected his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to remedy the error, but only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

## A.

ACCA's mandatory minimum only applies when a defendant committed three or more violent felonies on "occasions different from one another." *See* 18 U.S.C. § 924(e)(1). The Supreme Court has emphasized that, when deciding whether prior convictions were committed on

the same "occasion," we should rely on ordinary meaning and common sense. An occasion is a single "event, occurrence, happening, or episode." *Wooden v. United States*, 142 S. Ct. 1063, 1069 (2022). The inquiry is meant to be "intuitive" rather than hyper-technical. And we consider the timing, location, character, and relationship of the offenses. *Id.* at 1071. Timing and location are particularly important, and a single factor can be dispositive in many cases. *Id.*

For instance, the Supreme Court in *Wooden* held that the defendant had committed his crimes on the same occasion because they all occurred on the same night, in the same building, as part of the same scheme. *Id.* Wooden had burglarized ten storage units at the same single-building facility, one after another, by breaking through the walls between the units. The Court said that unlike offenses that were committed "a day or more apart" or "at a significant distance," Wooden's offenses occurred on one occasion. *Id.* (citation omitted).

On the other hand, courts "nearly always treat[] offenses as occurring on separate occasions" when they're separated by time or space. *Id.* Our circuit recently considered such a case. *See United States v. Williams*, 39 F.4th 342 (6th Cir. 2022). Williams had committed four robberies, at either three or four different locations. The first three occurred within a span of two weeks, and the next a month and a half later. The court concluded that "[g]iven the substantial gap in time between [the] offenses and some variety in locations, the offenses were committed on separate occasions." *Id.* at 350. Our sister circuits have drawn similar conclusions in similar cases. *See, e.g.*, *United States v. Riddle*, 47 F.3d 460, 462 (1st Cir. 1995) (per curiam) (concluding that five convictions "on four different dates involving five different locations and victims" were committed on different occasions); *see also Wooden*, 142 S. Ct. at 1071 (citing *Riddle* as a typical case).

Like Williams, Lovell's crime spree spanned numerous locations over more than a month. On June 25, 2010, Lovell burglarized Gavin McGowan's home. Two weeks later, on July 7, he hit Robert Travis's home. Two weeks after that, on July 21, he burglarized Richard Beckley's home. On July 24, it was John Moore's home. Three days after that, on July 27, Lovell burglarized Julia Whipple's home. And on July 30, he recruited two others to come with him to Martin French's home, where he used a pry bar on two of the windows to break in to steal a TV. Most of these facts came from the informations that Lovell pled to. Five of the six informations were based on Lovell's own confessions. And Lovell presented no facts indicating either that these dates and locations were wrong or that the offenses should for some other reason be considered part of only one or two occasions.

To succeed on plain-error review, Lovell would have to show that in the face of the uncontested facts, the district court should have *sua sponte* concluded that his laundry list of offenses was all really part of only one or two events at only one or two locations and on only one or two dates. But Lovell has not shown, for instance, that Gavin McGowan, Robert Travis, Richard Beckley, John Moore, Julia Whipple, and Martin French actually all lived at the same address, or that when the Presentence Report ("PSR") said June 25, July 7, July 21, July 24, and July 27, it really meant to say July 30 five times over. Nor, of course, has Lovell shown that these conclusions were so "clear or obvious" that the district court was unreasonable not to draw them. *Puckett*, 556 U.S. at 135.

Instead, Lovell claims that two linguistic features of the PSR draw the temporal and spatial distance between the crimes into question. First, the PSR said that five of the six offenses occurred "on or about" the listed date. According to Lovell, "on or about June 25" could actually mean "on July 30," so the district court had no way of knowing when the offenses actually occurred. For

that matter, all six could have occurred on the same date. But there are a few problems with this argument. For one thing, "on or about" isn't an unusual formulation; the district court would have had no reason to *sua sponte* question the accuracy of the dates listed. And for another, the district court had an independent reason to think the dates listed were the correct ones: the "on or about" language came directly from the offenses' informations, and the informations were based on Lovell's confessions. So the dates in the PSR presumably came from Lovell's own account of the crimes. It would have made little sense for the district court to conclude that the dates weren't what the PSR said they were—and it surely didn't err by failing to do so absent an objection from Lovell.

Lovell's second argument fares no better. Setting his sights on the location factor of the *Wooden* test, he claims that it wasn't clear enough for the PSR to list the various victims' "habitations" as the locations of five of the offenses. "Habitation" can sometimes mean "apartment" or "hotel room," so it's conceivable, Lovell says, that the crimes occurred at only one or two buildings. But this line of reasoning fails for the same reasons his dates argument did. There was no reason for the district court to think that five different "habitations" were really only in one or two buildings, given the information in the record. And when he confessed to the crimes, Lovell took police officers to the various "locations" where they occurred, so they at least didn't all occur at only one location. R. 24-1, Pg. ID 188. Again, Lovell can't show that the district court erred, and he certainly didn't show that it did so "clear[ly] or obvious[ly]." *Puckett*, 556 U.S. at 135.

Resisting this conclusion, Lovell looks to legislative history to claim that ACCA's enhancement was only meant to apply to "recidivists." In other words, he claims "occasions different from one another" really means occasions separated by arrests, prosecutions, and maybe

jail time. But the occasions-different clause doesn't say anything about either recidivism or criminal-justice-system intervention. *See* 18 U.S.C. § 924(e)(1). And *Wooden*'s "multi-factor" test doesn't include intervening arrests. It asks courts only to determine whether the convictions satisfy the ordinary meaning of a single "occasion" by looking to facts underlying the convictions like location, timing, and whether the offenses were intertwined.[1] *Wooden*, 142 S. Ct. at 1070–71; *see also id.* at 1078–79 (Barrett, J., concurring) (warning courts not to read "buzzwords" like "recidivi[sm]" into ACCA based on legislative history (citation omitted)). Indeed, our own circuit in applying *Wooden* hasn't mentioned recidivism either. *See Williams*, 39 F.4th at 350–51. We can't add a requirement to the statute based on legislative history.

What's more, even if Lovell could show that the district court committed an error that was sufficiently clear or obvious, he hasn't satisfied the third prong of plain-error review, the substantial-rights prong. To do so, he would need to make a "showing on appeal that he would have presented evidence in the district court" that the burglaries actually occurred on only one or two occasions. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). True, Lovell has said that on remand, he would "argue that his burglaries occurred close in time and place" and "put in[to] evidence facts indicating that they were intertwined." Reply Br. at 11. But he has given us no indication of what those arguments or that evidence would be. And merely rehearsing what he would have to show to reach a different result does not give rise to a "reasonable probability that the outcome would have been different" absent any error. *Greer*, 141 S. Ct. at 2097 (cleaned up).

In sum, Lovell hasn't shown that it was plain error for the district court to conclude his six prior burglary convictions occurred on "occasions different from one another."

---

[1] True, the *Wooden* Court said that in "hard cases," courts should "keep[] an eye" on ACCA's history and purpose in conducting this inquiry. *See Wooden*, 142 S. Ct. at 1071. But as explained above, this wasn't a "hard case"—Lovell burglarized six people in six places on six different days over the course of over a month.

B.

Lovell argues in the alternative that the Constitution bars a sentencing judge from finding the facts needed to satisfy the occasions-different clause.  Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a judge may find the "fact of a prior conviction," but all other "fact[s] that increase[] the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and submitted to a jury.  *Id.* at 490.  This rule, Lovell contends, applies to the occasions-different inquiry, so the sentencing court erred by applying the enhancement even though the underlying facts weren't included in the indictment or plea.  But we've previously held that the facts governing the occasions-different inquiry are included in "the fact of a prior conviction," so they fall into the *Apprendi* exception.  *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004).  And we've since reaffirmed this rule.  *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022); *cf. Wooden*, 142 S. Ct. at 1087 n.3 (noting that the Supreme Court hasn't yet addressed this question).  The district court didn't err—let alone plainly so—by applying this settled rule.

\*       \*       \*

We affirm.