**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1148WM

United States of America,         *

                               *

          Appellee,         *

                               *     Appeal from the United States

     v.                          *     District Court for the Western

                               *     District of Missouri.

Vickie D. Gray,              *

                               *

          Appellant.       *

_____

Submitted:  September 8, 1997
Filed: October 10, 1997

_____

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

_____

FAGG, Circuit Judge.

Vickie D. Gray appeals her convictions for conspiring to manufacture and possessing with intent to distribute methamphetamine.  We affirm.

The facts are not complicated.  Unbeknownst to Gray, law enforcement officers were watching the rural building where Gray and her companions were engaged in drug-related activities.  When the officers closed in and searched the building, they found chemicals, glassware, and other items used to make methamphetamine.  The officers also found chemicals, glassware, and books about methamphetamine manufacturing in Gray's pickup truck, a large sum of cash and a quantity of high-grade

methamphetamine inconsistent with personal use in Gray's purse, and empty bottles of a chemical used in manufacturing methamphetamine as well as other drug-related items in Gray's home.

For reversal, Gray contends the evidence was insufficient to support her convictions. We disagree. The record contains abundant evidence from which a reasonable jury could find beyond a reasonable doubt Gray's guilt on both charges. See United States v. McCracken, 110 F.3d 535, 540 (8th Cir. 1997). Also, our holding in United States v. Bell, 90 F.3d 318, 321 (8th Cir. 1996), forecloses Gray's argument that the Government failed to prove a connection between Gray's drug activity and interstate commerce.

Gray also contends the district court's voir dire predisposed the jury to convict her. Specifically, the district court explained a grand jury's function before it asked the panel if anyone was "presently serving on a grand jury." The district court's explanation was neutral and never mentioned Gray or the indictment against her, and the district court instructed the jury not to consider Gray's indictment as evidence of her guilt. The district court did not deny Gray a fair trial by an impartial jury. See United States v. Disbrow, 768 F.2d 976, 979 (8th Cir. 1985).

Next, Gray argues the Government's destruction of sealed bottles containing a key ingredient used to make methamphetamine violated her due process right to examine and test the bottles' contents. Essentially, a drug enforcement agent photographed some sealed bottles containing ephedrine tablets, retained some bottles and tablets for laboratory testing, and destroyed the rest under his agency's policy. To succeed on her argument, Gray must show the Government destroyed the bottles and tablets in bad faith. See United States v. Malbrough, 922 F.2d 458, 463 (8th Cir. 1990). Contrary to Gray's view, the agent did not act in bad faith when he destroyed the bottles under agency policy, particularly when he retained samples and

photographed the bottles he destroyed.  See United States v. Scoggins, 992 F.2d 164, 167 (8th Cir. 1993).

Gray also complains about the district court's refusal to give her requested jury instruction.  Unlike Gray's instruction, the district court's instruction accurately stated the elements the Government must prove to establish Gray's guilt for possession with intent to distribute methamphetamine.  See Eighth Circuit Model Crim. Jury Inst. 6.21.841A (West 1996); United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995). The district court properly rejected Gray's requested instruction because Gray failed correctly to state the law.  See United States v. McCoy, 86 F.3d 139, 141 (8th Cir. 1996).

Finally, Gray contends the district court improperly assigned a criminal history point for Gray's earlier municipal ordinance conviction for shoplifting.  See U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1995).   Local ordinance violations that are also criminal offenses under state law count toward a defendant's criminal history. See id.; United States v. Hooks, 65 F.3d 850, 855-56 (10th Cir. 1995), cert.denied, 116 S. Ct. 797 (1996).  Gray recognizes her earlier local ordinance violation is a criminal offense under Missouri state law.  See Mo. Ann. Stat. § 570.030(1) (West 1979). That being so, we conclude the district court properly counted Gray's shoplifting conviction in computing her criminal history score.

We affirm Gray's convictions and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-