**UNITED STATES of America**

v.

**Muadhdhin COUSIN, a/k/a Muadhdhin Bey, Appellant.**

**No. 05–3454.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Feb. 27, 2007.

Filed: March 2, 2007.

Joseph A. Labar, Office of United States Attorney, Philadelphia, PA, for United States of America.

Jeanne K. Damirgian, Lake Ariel, PA, for Appellant.

Before: McKEE, ALDISERT, Circuit Judges, RESTANI,[1] Judge.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The District Court found Muadhdhin Cousin guilty of possession with intent to distribute a controlled substance. He now challenges his conviction and sentence. Cousin's counsel has filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that there are no non-frivolous grounds for appeal. In response, Cousin has submitted a *pro se* brief. After carefully examining the record, we agree that Appellant's case presents no issues that warrant further adjudication. Accordingly, we will affirm Cousin's conviction and sentence, and grant counsel's motion to withdraw.

---

1. Chief Judge, United States Court of International Trade, sitting by designation.

## I.

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. On September 18, 2002, the Philadelphia Police Department dispatched members of its Narcotics Strike Force to investigate complaints of drug trafficking in the southeast quadrant of the city. On the corner of South Ringgold Street and Tasker Street, a plainclothes surveillance team observed Cousin talking with a man later identified as Tyrone Taylor. The officers watched as Cousin reached into his pocket and handed a small object to Taylor. Minutes later Taylor sold the object to a female passerby. The plainclothes team believed they had witnessed a narcotics deal and ordered uniformed officers to apprehend the female. She was found in possession of two packages of crack cocaine. Based on this evidence, the surveillance team then ordered the arrest of both Taylor and Cousin. The police detained Cousin and discovered 50 packets of crack cocaine in his pants pocket, and a semi-automatic handgun in his waistband.

Cousin filed a motion with the District Court to suppress the drugs and the firearm, arguing that the police lacked probable cause to order his arrest. The District Court disagreed and denied the motion. On March 12, a jury found Cousin guilty of possession with intent to distribute a controlled substance. At sentencing, the District Court applied a two-point upward adjustment to his total offense level for carrying a dangerous weapon while engaged in drug offense. *See* U.S.S.G. § 2d1.1(b)(1). The District Court also added two points to Cousin's Criminal History Score for crimes he committed as a

juvenile.[2] *See* U.S.S.G. §§ 4A1.1(c) & 4A1.2(d)(2)(B). Ultimately, the District Court imposed a sentence of 87 months' imprisonment, the lowest term under the applicable Guidelines range of 87 to 108 months. Cousin now appeals.[3]

## II.

Cousin's counsel seeks to withdraw from the case because he believes there are no meretricious arguments in Cousin's appeal. According to the rules of this Court, "where, upon review of the district court record, ... counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief." 3d Cir. LAR 109.2(a). In reviewing a motion to withdraw, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001) (citations omitted.). We must be confident "that counsel has thoroughly examined the record in search of appealable issues" and has "explain[ed] why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000)). The *Anders* brief suggests three possible issues, all of which counsel concludes are frivolous. Cousin addresses three additional claims in his *pro se* response. We consider each in turn.

## III.

### A. The Suppression Hearing

■ We begin with the arguments from Appellant's *pro se* brief. Cousin first con-

---

**2.** The District Court, however, granted Appellant's motion for a downward departure, effectively nullifying its consideration of Cousin's youthful transgressions.

**3.** We have jurisdiction over his conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

tends that the District Court erred in refusing to suppress the physical evidence recovered during his arrest. We review the District Court's denial of a motion to suppress for "clear error as to the underlying factual findings and exercis[e] plenary review of the District Court's application of the law to those facts." *United States v. Perez,* 280 F.3d 318, 336 (3d Cir.2002). Cousin's *pro se* brief argues that evidence was seized illegally because the undercover surveillance team did not have probable cause to order his arrest. We cannot agree. Police officers establish probable cause when they unearth a "reasonable ground for belief of [particularized] guilt." *Maryland v. Pringle,* 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (citations omitted). The facts leading up to Cousin's incarceration, as told by the officers and credited by the District Court, disclose ample cause to justify the search and arrest. Specifically, the police had grounds to believe that Cousin was engaged in illegal drug activity. This suspicion was based on the officers' extensive experience, knowledge of the area and of the heightened drug activity present, and direct observation of the suspects acting in a manner consistent with drug traffickers. Despite Cousin's best attempt to muddy the waters, there can be no question that the surveillance team had proper authority to call for his arrest and that any further appeal on this issue would be frivolous.

The *pro se* brief also argues that the police seized Cousin even before they heard the surveillance team order his arrest. Unfortunately for Cousin, he failed to include this issue in his original motion to suppress. As we held in *United States v. Lockett,* "in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this Court." 406 F.3d 207, 212 (3d Cir.2005).[4]

### B. The Alleged Brady Violation

 In the *pro se* brief, Cousin argues that the government withheld potentially exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He insists that the Philadelphia Police Department suppressed a transcript of radio communications that occurred between the undercover surveillance unit and the arresting officers. Cousin never asserted this claim before the District Court so we will review for plain error. *See United States v. Olano,* 507 U.S. 725, 731–732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Cousin's argument is utterly devoid of merit. To establish a *Brady* violation, Cousin must show not only that evidence was suppressed, but also that it was material and favorable. *See Albrecht v. Horn,* 471 F.3d 435, 460 (3d Cir.2006). Cousin fails to meet both prongs of this test. First, he provides no evidence that any transcript exists; surveillance officers generally communicate through "walkie-talkie" type radios, which are not recorded. Second, Cousin makes no attempt to show how the transcript, if it existed, would alter the outcome of his case.

---

4. Even if we were to reach the merits of this issue, Cousin's argument would fail. The arresting officer, whether or not he received instructions from the surveillance team, conducted an independently valid *Terry* stop, which uncovered Cousin's firearm and justified his arrest. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A *Terry* stop is permissible when an officer has reasonable suspicion, based on specific and articulable facts and rational inferences from those facts, that criminal activity may be afoot. *Illinois v. Wardlow,* 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Given the totality of the circumstances during the events, the arresting officer had ample reason to suspect that Cousin was engaged in illegal activity.

### C. The Two–Level Enhancement Pursuant to U.S.S.G. § 2D1.1(b)(1)

■ Cousin makes one final argument in his *pro se* brief. He contends that the District Court erred in finding that he carried a gun while engaged in a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). We review the conclusion that Cousin carried a weapon in furtherance of his drug activity under the clearly erroneous standard. *United States v. Demes*, 941 F.2d 220, 223 (3d Cir.1991). Examining the evidence in its entirety, we will hold that the District Court did not commit clear error. Police officers testified, in detail, that they recovered a gun from Cousin's waistband. Although Cousin presented hearsay testimony suggesting the gun belonged to Tyrone Taylor, the District Court did not commit clear error by crediting the eyewitness account of the arresting officers.

### D. The Juvenile Adjudications

■ In a brief submitted under the teachings of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Cousin's counsel has identified three additional issues, and concluded that they are without merit. We agree. We begin with Cousin's juvenile court record. In the Pre-sentence Investigation Report, the assigned Probation Officer examined computerized court records and determined that Cousin had two prior juvenile adjudications. Pursuant to U.S.S.G. §§ 4A1.1(c) & 4A1.2(d)(2)(B), the District Court added 1 criminal history point to Cousin's Criminal History Score for each transgression. Counsel asserts that the District Court may have erred by relying on computer-ized court documents rather than a physical copy of Cousin's juvenile court record.[5] To support this argument, counsel cites *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), for the proposition that a court may only look to charging documents, jury instructions, or a bench trial finding when it seeks to determine whether a defendant has committed a prior offense. This argument misstates the law. As we recently held in *United States v. Grier*, a District Court determines all sentencing facts under the preponderance of the evidence standard, so long as the sentence remains under the statutory maximum.[6] 475 F.3d 556, 567–68 (3d Cir.2007). In this case, the District Court's careful analysis of the computerized records more than meets the preponderance threshold.

### E. Sentencing Under United States v. Booker

We are also asked to examine whether there are any non-frivolous issues stemming from the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We hold that there are not. The District Court acknowledged the advisory nature of the sentencing guidelines and considered the 18 U.S.C. § 3553 factors.

### F. Fair Trial

Finally, we note that counsel thoroughly scoured the trial testimony and failed to uncover any conduct, ruling, or comment on the part of the Court or prosecutor that would give rise to a non-frivolous appeal. As counsel makes clear, there were no

---

**5.** We review the District Court's interpretation of the now-advisory guidelines *de novo*, but our review of the District Court's factual decisions regarding criminal history calculations is for clear error. *See United States v. Irvin*, 369 F.3d 284, 285 n. 2 (3d Cir.2004).

**6.** Cousin's sentence of 87 months' imprisonment is well below the statutory maximum of forty years under 21 U.S.C. § 841(a)(1).

irregularities in the opening statements or closing statements. The government, moreover, introduced no impermissible hearsay, improper statements about Cousin's criminal history, or comment on Cousin's failure to testify. Accordingly, Cousin cannot succeed in arguing that the government failed to afford him a fair trial.

### IV.

Having reviewed the arguments, we are satisfied that counsel has thoroughly examined the record in search of appealable issues and has explained why such issues are frivolous. Our own independent review of the record uncovers no non-frivolous arguments. Therefore, we will affirm the judgment and conviction of the District Court, and grant counsel leave to withdraw.