# United States Court of Appeals
## For the First Circuit

---

No. 07-1834

UNITED STATES OF AMERICA,

Appellee,

v.

KATHERINE MCKENZIE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Torruella, Selya, and Howard,
Circuit Judges.

---

Gail M. Latouf, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

---

August 21, 2008

---

**TORRUELLA**, **Circuit Judge**.  On December 1, 2006, Katherine McKenzie pled guilty to distributing five or more grams of cocaine base.  The district court sentenced McKenzie to forty-two months' imprisonment.  McKenzie now appeals her sentence, claiming that the district court incorrectly assigned two points to her Criminal History Category ("CHC") score, thus rendering her ineligible for safety-valve relief under 18 U.S.C. § 3553(f), and that it improperly credited computerized docket reports showing her past convictions.  After careful consideration, we affirm.

## I.  Background

In April 2006, McKenzie and two others sold 8.7 grams of crack cocaine to an undercover Drug Enforcement Administration agent.  McKenzie was arrested and charged with distributing five grams or more of cocaine base and aiding and abetting such conduct, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The statutory mandatory minimum for violations of § 841(a)(1) involving more than five grams of crack is sixty months' imprisonment.  21 U.S.C. § 841(b)(1)(B).  A sentence below sixty months can, however, be imposed if the defendant satisfies various enumerated requirements for safety-valve relief under 18 U.S.C. § 3553(f).  One such requirement is that the defendant's criminal history score be zero or one, yielding a CHC of I.

McKenzie pled guilty as charged, and the district court accepted the guilty plea.  The district court adopted the

-2-

recommended guidelines offense level of nineteen set forth in the Probation Office's pre-sentence report ("PSR"). To arrive at that offense level, the court began with a base level of twenty-six for the charged offense, U.S.S.G. § 2D1.1(c)(7)(2006); reduced the offense level by three for acceptance of responsibility, id. § 3E1.1(a)-(b); and further reduced the offense level by four to reflect McKenzie's minimal role in the charged offense, id. § 3B1.2(a).

The PSR also recommended a CHC of II due to McKenzie's prior Maine state convictions: (1) an October 2005 conviction of misdemeanor assault for slapping a bar employee in the face; and (2) a June 2006 conviction of misdemeanor theft for shoplifting sleeping pills and baby diapers from a supermarket. The proof proffered for these two convictions was the Maine state court electronic docket record, which was attested to by a Maine court official as authentic.

An offense level of nineteen combined with a CHC of II yielded an advisory guideline sentencing range ("GSR") of thirty-three to forty-one months. The PSR recommended, however, that the GSR be amended to sixty months, in accordance with the statutory minimum for McKenzie's conviction under 21 U.S.C. § 841(b)(1)(B).

At sentencing, McKenzie objected to several aspects of the PSR, including the calculation of her CHC and criminal history score and her consequent lack of safety-valve eligibility.

Specifically, McKenzie took issue with the use of electronic docket records to prove her two prior Maine convictions. McKenzie also focused particular attention on the shoplifting conviction and argued that it should not have counted for criminal history purposes. The Government maintained that a CHC of II was appropriate, and that the shoplifting conviction had to factor into McKenzie's criminal history score because in United States v. Spaulding, 339 F.3d 20 (1st Cir. 2003), we held that the potential for physical confrontation made it impossible to conclude that shoplifting was "similar to" certain offenses excluded from CHC calculations under U.S.S.G. § 4A1.2(c). Id. at 22.

The district court found the facts as set forth in the PSR, ruled that the PSR properly calculated the two Maine convictions, and accepted the computerized docket reports as sufficient proof of the convictions. The court also held that it was bound to count the shoplifting conviction in McKenzie's CHC because of our holding in Spaulding. The court did, however, grant the Government's motion under U.S.S.G. § 5K1.1 for substantial assistance, which recommended that McKenzie receive a twelve-percent downward departure from the sixty-month statutory minimum. The court went much further and gave McKenzie a thirty-percent downward departure, resulting in a forty-two month sentence. The court's reasons for this departure centered on McKenzie's tragic childhood and vulnerable psychological condition, threats made to

-4-

her in jail over the prospect that she might testify against others, and the fact that she was pregnant and had a small child.

On appeal, McKenzie challenges her sentence on two grounds. First, she argues that the district court applied an incorrect test to evaluate whether her prior Maine shoplifting conviction should have been considered for purposes of calculating her CHC. Second, she argues that the district court erred in accepting computerized docket reports as adequate proof of her prior Maine state convictions. As we now explain, neither challenge has merit.

## II. Discussion

We review questions of law involved in sentencing determinations de novo. United States v. Jones, 523 F.3d 31, 41 (1st Cir. 2008); United States v. Pho, 433 F.3d 53, 60-61 (1st Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007).

### A. Prior Maine Shoplifting Conviction

Where a defendant is convicted of an offense involving five or more grams of crack cocaine, she must be given a mandatory minimum sentence of five years, even if her GSR is lower. 21 U.S.C. § 841(b)(1)(B); see also United States v. Rodríguez, 938 F.2d 319, 320 (1st Cir. 1991). Even where the mandatory minimum applies, however, a sentencing court can apply a lower sentence under the safety-valve provisions of 18 U.S.C. § 3553(f) if the

-5-

defendant meets five enumerated criteria. Only one of those criteria is at issue here: whether the district court properly found McKenzie's CHC to be II. If so, she is ineligible for safety-valve relief. See 18 U.S.C. § 3553(f)(1).

Section 4A1.2(c) of the Sentencing Guidelines governs the types of prior convictions that may be considered for purposes of calculating a defendant's criminal history score. All felony offenses are counted. Misdemeanors are counted as well, with an important exception crucial to McKenzie's appeal: if the prior conviction is for one of a listed number of misdemeanor offenses, or an offense "similar to" a listed offense, it is not counted as long as the sentence served was not a term of probation of at least one year, or a term of imprisonment of at least thirty days. Id. § 4A1.2(c)(1).

At sentencing, the district court determined that the PSR properly factored McKenzie's June 2006 shoplifting into her CHC score. The court agreed with the Government's argument that Spaulding controlled the issue. McKenzie now urges us to reverse Spaulding and remand her case to the district court, substituting for the "similar to" standard a "common sense" approach. As the basis for her request, McKenzie points to amendments to the Sentencing Guidelines promulgated by the United States Sentencing Commission ("Commission"), made effective on November 1, 2007.

Particularly, McKenzie relies on the addition of Application Note 12(A) to the Guidelines commentary, which in pertinent part reads:

> In determining whether an unlisted offense is similar to an offense listed in [§ 4A1.2] (c)(1) . . . , the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

Id. § 4A1.2 n.12(A).

We reject McKenzie's call to depart from Spaulding. Our cases are clear that three-judge panels are bound by prior panel decisions absent extraordinary circumstances. See United States v. Duval, 496 F.3d 64, 85 (1st Cir. 2007) (citing United States v. Allen, 469 F.3d 11, 17 (1st Cir. 2006)); United States v. Allen, 469 F.3d 11, 17 (1st Cir. 2006) ("[W]e remain bound to prior panel decisions 'in the absence of supervening authority sufficient to warrant disregard of established precedent.'" (quoting United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir. 1991))).

The relevant facts in Spaulding are markedly similar to those in this case. There, we rejected the defendant's claim that his prior conviction for shoplifting approximately $21 worth of goods should be excluded from his criminal history score because it was "similar to" an insufficient funds check conviction, an offense

listed in § 4A1.2(c)(1), and therefore exempt from being counted in a defendant's CHC.  Spaulding, 339 F.3d at 22.  Doing so, we explained:

> [S]hoplifting poses a markedly greater risk to the public. Passing a bad check poses little risk of physical confrontation, because the perpetrator is not present when the victim realizes that he has been victimized. Shoplifting, on the other hand, creates the very real risk of physical confrontation between the perpetrator and the victim.  A store employee or customer may confront the perpetrator in an attempt to thwart the crime. The risk of confrontation precludes a conclusion that shoplifting is "similar to" passing a bad check.

Id.[1]

McKenzie does not attempt to persuade us that the circumstances surrounding her case can be significantly distinguished from those we addressed in Spaulding.  Instead, she asks us to remand her case for consideration of the criminal history applicability of her prior shoplifting conviction under the recently established "common sense" standard.  McKenzie, however, does not present us with any meaningful basis to comply with her request.  The amendments to the Guidelines on which McKenzie

---

[1]  With one exception, other circuits have agreed with this reasoning. See United States v. Ubiera, 486 F.3d 71, 74-76 (2d Cir. 2007) (citing, inter alia, Spaulding, 339 F.3d at 22); United States v. Osborne, 514 F.3d 377, 391-92 (4th Cir. 2008); United States v. Lamm, 392 F.3d 130, 132-34 (5th Cir. 2004); United States v. Harris, 325 F.3d 865, 873 (7th Cir. 2003); United States v. Gray, 126 F.3d 1109, 1110-11 (8th Cir. 1997); United States v. Hooks, 65 F.3d 850, 854-56 (10th Cir. 1995); but see United States v. López-Pastrana, 244 F.3d 1025, 1027-31 (9th Cir. 2001).

anchors her claim were adopted after her sentencing in November 2007. We have no reason to believe that the Commission intended the amendments to apply retroactively. See United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004); United States v. Havener, 905 F.2d 3, 5-7 (1st Cir. 1990). Moreover, McKenzie has provided no basis for us to conclude that consideration of her prior conviction under a "common sense" standard would yield a different result.[2] Pursuant to Spaulding, we conclude that the district court properly included McKenzie's prior Maine shoplifting conviction in its criminal history calculation and that she was accordingly not entitled to a safety-valve downward adjustment.

### B. Use of Computerized Docket Reports

At sentencing, the Government has the burden to establish, by a preponderance of the evidence, the existence of a prior conviction. See United States v. Díaz, 519 F.3d 56, 67 (1st Cir. 2008). The Government may satisfy its burden by producing a certified copy of the conviction or an equivalent proffer. United States v. Unger, 915 F.2d 759, 761 (1st Cir. 1990); see also Shepard v. United States, 544 U.S. 13, 26 (2005) (equivalent proffer for criminal history purposes includes the charging

---

[2]   Notably, McKenzie did not proffer an analysis of her prior shoplifting conviction through the rubric of Application Note 12(A) in an effort to show that any result other than that expounded in Spaulding would be reached.

-9-

document, a written plea agreement, a transcript, or another official court document).

McKenzie challenges the district court's reliance on attested copies of computerized docket entries as proof of her prior Maine state convictions for shoplifting and misdemeanor assault. She urges us to develop a higher standard of proof that would render these docket reports unacceptable as proof of conviction.

We find no reason to disturb the district court's judgment on this issue. Over McKenzie's objections at sentencing, the district court correctly noted that electronic docket records are increasingly the norm in today's world. Moreover, McKenzie did not attempt to show that the records were inaccurate and conceded that they were properly authenticated. We have not previously addressed the admissibility of attested copies of computerized docket entries for criminal history sentencing purposes but other courts have concluded that electronic docket records can sufficiently establish a defendant's criminal history by a preponderance of the evidence. See, e.g., United States v. Cousin, 219 F. App'x. 190, 194 (3d Cir. 2007) (unpublished); United States v. Zuñiga-Chávez, 376 F. Supp. 2d 1163, 1166 (D.N.M. 2004) ("If docket sheets are sufficient, it follows that a certified copy of an abstract judgment is also sufficient to establish the existence of a prior conviction by a preponderance of the

evidence.").  We endorse these cases and hold that attested copies of electronic docket entries may be a sufficient proffer of prior conviction for sentencing proceedings before a district court.  We therefore conclude that the court below properly admitted the Maine state conviction documents and reject McKenzie's appeal.

### III.  <u>Conclusion</u>

For the reasons stated above, we affirm the district court's sentence.

**<u>Affirmed</u>**.