OPINION OF THE COURT

STAPLETON, Circuit Judge:
Larnell Jones, Jr., appeals his seventy-two month sentence of imprisonment for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and his consecutive twelve month sentence of imprisonment for violation of supervised release. For the reasons that follow, we will affirm.
Because we write only for the parties who are familiar with the factual context and procedural history of this case, we set forth only those facts necessary to our analysis.
*612 I.
On August 12, 2004, Jones pled guilty to an indictment charging him with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jones was sentenced to forty-six months’ imprisonment and three years’ supervised release. Jones was released from prison and began serving his term of supervised release on December 11, 2006. On December 12, 2006, Jones was arrested by the City of Pittsburgh Police Department and later charged in state court with offenses including illegal possession of a firearm, carrying a firearm without a license, receiving stolen property, and driving under the influence. On July 14, 2007, Jones was again arrested and later charged in state court with offenses including driving under the influence, illegal possession of a firearm, and carrying a firearm without a license. Although a condition of his supervision required that he inform his probation officer of an arrest, Jones did not notify his probation officer of either arrest.
On September 26, 2007, a federal grand jury issued an indictment charging Jones with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), based on the events of December 12, 2006, and July 14, 2007. Jones’s probation officer filed a Supplemental Petition on Supervision noting Jones’s indictment and alleging that he had violated the condition of his supervision requiring that Jones not commit another federal, state, or local crime.
Jones entered a plea of guilty to both counts of the indictment, which also constituted an admission of the supervised release violations. The District Court held a combined sentencing hearing with regard to Jones’s criminal offenses and his supervised release violations. The Court noted at the outset that the presentence report (“PSR”) had calculated Jones’s advisory guideline range to be sixty-three to seventy-eight months based upon a total offense level of nineteen and a criminal history category of VI.
Jones objected to the computation of his criminal history score, arguing that he could not be assessed one criminal history point for a 1998 state conviction for carrying a loaded weapon listed in ¶ 53 of the PSR because it was not based on information that was sufficiently reliable. He noted that the PSR stated that the “facts of the case are unknown.” Elimination of this criminal history point would lower his total criminal history score from thirteen to twelve and his criminal history category from VI to V, thus reducing the guideline sentence range to fifty-seven to seventy-one months. Jones also argued for a variance below the guideline range and for a concurrent term of imprisonment for the supervised release violations.
The District Court found as a fact that Jones had been convicted of the offense reported in ¶ 53 of the PSR. It did so based on a docket sheet certified by the court of conviction which evidenced that Jones had pled guilty to the offense of carrying a loaded weapon in 1998. In considering the § 3553(a) factors, the District Court noted Jones’s significant criminal past, the seriousness of the offense, and the fact that the bottom of the guideline range sentence it previously imposed on Jones for his original felon in possession charge had not sufficiently impressed upon him the seriousness of his conduct. The District Court sentenced Jones to seventy-two months’ imprisonment for the felon in possession charges, a consecutive twelve-month term of imprisonment for the supervised release violations, and three years of supervised release with listed conditions. It is this sentence from which Jones appeals.
*613 II.
The sentencing guidelines provide that “[i]n determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial” but may consider any information “so long as it has sufficient indicia of reliability to support its probable accuracy.” U.S.S.G. § 6A1.3, cmt. (citing United States v. Watts, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997)). In United States v. Berry, 553 F.3d 273, 284 (3d Cir.2009), relying on the Supreme Court’s holding in Watts that facts considered at sentencing must be proved by a preponderance of the evidence, we determined that an arrest record, without more, did not suffice to carry the government’s burden of proving that a defendant had been convicted of an earlier crime.
Here, however, Jones’s conviction of the offense in question was evidenced by a record of the convicting court, the authenticity of which had been certified by that court, and Jones proffered no reason to question the accuracy of that document. See United States v. McKenzie, 539 F.3d 15, 19 (1st Cir.2008) (holding that attested copies of electronic docket entries may be sufficient proffer of prior conviction for sentencing proceedings, noting that electronic docket records are increasingly the “norm,” and the defendant did not show records were inaccurate and conceded they were properly authenticated). The docket information was also consistent with the automated National Crime Information Center Database printouts for the resolution of the case. See United States v. Townley, 472 F.3d 1267, 1277 (10th Cir.2007) (government met burden to show prior conviction by preponderance of evidence where presented evidence derived from National Crime Information Center database and confirmed by probation office). The certified docket sheet clearly had “sufficient indicia of reliability to support its probable accuracy.” U.S.S.G. § 6A1.3, cmt. Therefore, we conclude that the District Court did not abuse its discretion when it determined that the government had demonstrated the existence of the prior conviction listed at ¶ 53 by a preponderance of the evidence.
Jones’s argument to the contrary is based on the Supreme Court’s decisions in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In Taylor and Shepard, the Supreme Court addressed the range of information upon which a sentencing judge may rely in determining whether a defendant’s prior conviction satisfies the definition of “violent felonies” set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e). In Shepard, the Court explained that, in making this determination, a court could consider only the terms of the charging document, a plea agreement or transcript of colloquy in which the factual basis for the plea was confirmed by the defendant, or “some comparable judicial record of this information.” 544 U.S. at 26, 125 S.Ct. 1254; see Taylor, 495 U.S. at 601-02, 110 S.Ct. 2143 (determining that § 924(e) requires that the trial court look only to the fact of conviction and the statutory definition of the prior offense, not the particular facts underlying the conviction).
The Court in Taylor and Shepard was addressing issues distinct from that before the District Court in this case. The sentencing judges in those cases were required to determine whether the convictions before them were “violent” within the meaning of the Armed Career Criminal Act. Here, the only fact relevant under the guidelines was whether Jones was convicted of the alleged offense in 1998.
*614 Decisions from our sister Courts of Appeals support the conclusion that the holdings in Shepard and Taylor do not limit the type of documents a sentencing court may consider for purposes of determining the fact of a prior conviction in order to compute a defendant’s criminal history score. These decisions have consistently rejected applying the holding of Shepard in such instances and continue to consider whether the documents submitted have sufficient indicia of reliability to support their probable accuracy. See United States v. Felix, 561 F.3d 1036, 1045 (9th Cir.2009) (determining that defendant’s reliance on Shepard was without merit because the issue was only whether the documents supported the fact of the conviction, not its type or character); United States v. Neri-Hernandes, 504 F.3d 587, 591 (5th Cir.2007) (Shepard does not apply when determining whether the government has satisfied its burden of proof as to the existence of a prior conviction; a court must consider whether the submitted documents have sufficient indicia of reliability to be used as evidence of prior conviction); United States v. Zuniga-Chavez, 464 F.3d 1199, 1204 (10th Cir.2006) (Shepard did not address what documents could be used to prove the fact of a prior conviction; rather, Shepard was only concerned with what documents could be used to prove the facts underlying the conviction where the elements of the state crime did not mirror the federal definition; therefore Shepard was not controlling).
III.
We are unpersuaded by Jones’s argument that the District Court did not consider all of the § 3553(a) factors and his arguments regarding those factors. We are also unpersuaded that the sentence was substantively unreasonable. The record as a whole shows that the District Court conducted a detailed and thorough analysis of the relevant § 3553(a) factors and of Jones’s arguments for a variance with respect to these factors.
In addressing the factors set forth in § 3553(a), the District Court began with the nature and circumstances of the offense, noting that the offense was not violent in nature but that it was part of a pattern of criminal activity. In considering the history and characteristics of the defendant, the Court noted that Jones was thirty-two years old at the time of the offense and his conduct could not be attributed to youthful indiscretion, that he had a significant history of criminal conduct as an adult, and that he consistently violated the terms of his probation and supervision. The Court noted Jones’s arguments about witnessing his mother commit a homicide, about his physical and mental health problems, about his admitted alcohol and substance abuse, and about his having received his GED and obtained employment “in some instances.” The Court then considered the need to impose a sentence that reflected the seriousness of the offense and promoted respect for the law, noting that it is a serious offense for a convicted felon to possess a firearm. The Court also noted the significant need for deterrence because of Jones’s extensive criminal history and the need to protect the public.
Immediately after imposing the sentence, the Court provided the following explanation of the principal reasons for its imposition:
Defendant stands before us for the second time for possession of a firearm by a felon. Convicted felons are prohibited from possessing firearms for good reason, and the possession of them warrants a significant penalty.
At his first sentencing, I noted his difficult childhood and imposed a sentence at the bottom end of the estimated *615 guideline range. His conduct in this case, however, shows that that was not apparently the appropriate sentence. In order to impress upon the defendant the seriousness of his conduct, I will impose a substantial period of incarceration along with the maximum period of supervised release to include a substance abuse treatment program.
App. at 108.
The record reflects that the District Court gave meaningful consideration to all the relevant § 3553(a) factors. That it did this before giving Jones an additional opportunity to address the Court does not make the Court’s discussion a “meaningless rote recitation” of the factors. Additionally, the fact that the Court reiterated certain factors after imposing the actual sentence does not detract from the previous analysis in which the Court thoroughly considered all the relevant factors. Moreover, as the above-quoted passage suggests, a review of the record contradicts Jones’s argument that the District Court failed to rule on his request for a variance based on his personal history.
A review of the record does not reveal any procedural error. Nor can we say that the sentence is substantively unreasonable given the Court’s reasoned and
thorough explanation for imposing a sentence within the advisory guideline range.[1]
For these reasons, the judgment of the District Court will be affirmed.

. Jones relied upon the same § 3553(a) variance arguments when he requested that the violation of supervised release sentence run concurrent with the sentence on the indictment. In denying a concurrent sentence, the District Court incorporated its § 3553(a) analysis from the denial of the variance. App. at 110. The Court noted that it was within its discretion to make the sentence run consecutively, "[o]therwise the violation of the supervised release is meaningless.” App. at 113. In addition to all the factors previously discussed, the Court noted that Jones would be forty years old when he was released from incarceration and would still have a full life ahead of him. We note that the twelve month consecutive sentence was below the advisory guideline range of eighteen to twenty-four months. "A district court’s primary consideration in handing down a revocation sentence is the defendant's breach of trust.” United States v. Dees, 467 F.3d 847, 853 (3d Cir.2006) (finding maximum statutory sentence was reasonable where defendant had multiple and flagrant breaches of trust that began almost immediately upon his release from prison, and rehabilitation had not been achieved during the first term of imprisonment). Because the District Court gave meaningful consideration to the § 3553(a) factors, and given Jones’s repeated breaches of trust that began immediately upon his release from incarceration, the District Court did not commit procedural error in imposing a consecutive sentence, nor was that sentence substantively unreasonable.