# United States Court of Appeals
## For the First Circuit

No. 11-1753

UNITED STATES OF AMERICA,

Appellee,

v.

TONY SUMRALL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Thompson, Selya and Dyk,*
Circuit Judges.

J. Hilary Billings, Assistant Federal Defender, on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

August 17, 2012

_____
    *Of the Federal Circuit, sitting by designation.

**SELYA**, **Circuit Judge**.  This appeal invites us to repastinate soil already well plowed.  We decline the invitation.

The relevant facts are straightforward.  Defendant-appellant Tony Sumrall pleaded guilty to possession with intent to distribute over five grams of cocaine base.  See 21 U.S.C. § 841(a)(1), (b)(1)(B).  At the disposition hearing, the government sought to invoke the career offender guideline, USSG §4B1.1(a).  That guideline applies where the "offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and the defendant has at least two prior felony convictions for controlled substance offenses or crimes of violence.  Id.  A "crime of violence" is defined as any offense punishable by more than one year of imprisonment that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. §4B1.2(a).

Under binding Supreme Court precedent, this definition is to be applied categorically.  See Sykes v. United States, 131 S. Ct. 2267, 2272 (2011); James v. United States, 550 U.S. 192, 202 (2007).  The definition itself is nearly identical to the definition of a "violent felony" embedded in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B).  "Recognizing this

-2-

resemblance, courts consistently have held that decisions construing one of these phrases generally inform the construction of the other." United States v. Jonas, ___ F.3d ___, ___ (1st Cir. 2012) [No. 11-1773, slip op. at 4].

The appellant has a prior felony conviction for armed robbery, which is admittedly a crime of violence. He also has a prior Massachusetts conviction for assault and battery on a police officer (ABPO). See Mass. Gen. Laws ch. 265, § 13D. The pivotal question in this case is whether the Massachusetts ABPO conviction counts as a conviction for a crime of violence (and, thus, constitutes the second predicate conviction required to confer career offender status).

The district court answered this question in the affirmative. It used the career offender guideline to enhance the applicable guideline sentencing range and sentenced the appellant to serve 188 months in prison. This timely appeal followed.

The sole issue on appeal is whether the district court erred in classifying the appellant's Massachusetts ABPO conviction as a crime of violence. In resolving this question, we do not write on a pristine page. In United States v. Dancy, 640 F.3d 455, 466-70 (1st Cir. 2011), we ruled that a Massachusetts conviction for ABPO was, categorically speaking, a violent felony under the "otherwise" clause of the ACCA. The Dancy court explicitly reaffirmed our earlier decision in United States v. Fernandez, 121

F.3d 777, 779-80 (1st Cir. 1997), which held that ABPO is a categorical crime of violence under the career offender guideline. See Dancy, 640 F.3d at 466-70. More recently, we ruled that an analogous crime — assault and battery on a correctional officer under Mass. Gen. Laws ch. 265, § 13D — was, from a categorical standpoint, a crime of violence within the purview of the career offender guideline. See Jonas, ___ F.3d at ___ [slip op. at 12].

There is no need to repeat what we already have written. The short of it is that, applying the reasoning of the aforementioned decisions, assault and battery on a police officer under the Massachusetts statute is categorically a crime of violence.

In an effort to deflect this conclusion, the appellant makes two arguments that merit brief comment. Neither argument is persuasive.

The appellant first argues that our prior decisions do not deal with the "offensive touching" branch of assault and battery (sometimes called "offensive battery"). See Commonwealth v. Eberhart, 965 N.E.2d 791, 798-99 (Mass. 2012). This is wishful thinking. In Dancy, we took a categorical view of the Massachusetts statute as a whole and held that, from that coign of vantage, ABPO qualifies as a violent felony. 640 F.3d at 466-70. We reached essentially the same conclusion in a number of subsequent decisions. See, e.g., United States v. Grupee, 682 F.3d

143, 148-49 (1st Cir. 2012) (Souter, J.) (applying Dancy to the definition of crime of violence); United States v. Luna, 649 F.3d 91, 107 (1st Cir. 2011). These decisions necessarily encompass all of the branches of the statute (including "offensive battery") and, thus, leave no room for the argument that the appellant seeks to advance.[1]

The appellant's remaining argument posits that the record does not adequately show that he committed each of the elements that collectively comprise the offense of assault and battery on a police officer. See Dancy, 640 F.3d at 468 (delineating elements of the offense). In particular, he claims that there is no competent showing that he knew that the person he assaulted was a police officer engaged in official duties. This argument rings hollow.

---

[1] In all events, the Massachusetts Supreme Judicial Court has noted that "[o]ffensive battery is a form of intentional battery." Eberhart, 965 N.E.2d at 798 n.13; see also id. at 798 (characterizing offensive battery as an intentional touching without the victim's consent that is an "affront to the victim's personal integrity"). Ascribing an element of purposefulness to the putative predicate offense strengthens the case for classifying that offense as a crime of violence under the "otherwise" clause. See Sykes, 131 S. Ct. at 2275-76; Grupee, 682 F.3d at 149; cf. Commonwealth v. Colon, 958 N.E.2d 56, 68-69 (Mass. App. Ct. 2011) (holding "that ABPO, even when based on offensive battery, qualifies as a 'violent crime' under the residual clause" of the nearly identical Massachusetts career criminal statute).

The record (particularly the complaint and the docket report)[2] makes manifest that the appellant was convicted of assault and battery on a police officer. For the purposes of a federal sentencing enhancement, proof of a defendant's conviction for a crime following a guilty plea or a trial is sufficient to ground a finding that the defendant committed all the elements of the offense. Because knowledge is an element of ABPO, any professed lack of knowledge is, therefore, at most, the basis for a collateral claim that must be raised in a state, not a federal, court. See Custis v. United States, 511 U.S. 485, 487 (1994) (holding that in a federal sentencing proceeding "a defendant has no [] right (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior convictions"); United States v. Delgado, 288 F.3d 49, 52 & n.4 (1st Cir. 2002) (applying Custis in the context of the career offender guideline).

_____

[2] The appellant argues that the docket report cannot be considered for the purpose of proving the nature of a predicate conviction. See Shepard v. United States, 544 U.S. 13, 16 (2005) (describing a compendium of materials that may be used for this purpose, including "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any [assented-to] explicit factual finding"). But Shepard cannot be read so grudgingly: the Court was careful to state that "some comparable judicial record" may also be considered. Id. at 26. The docket report at issue here comes within the purview of acceptable Shepard documents. See United States v. Howard, 599 F.3d 269, 270-73 (3d Cir. 2010); United States v. McKenzie, 539 F.3d 15, 18-19 (1st Cir. 2008).

We need go no further. We hold, without serious question, that a Massachusetts conviction for assault and battery on a police officer is categorically a conviction for a crime of violence under the career offender guideline. Accordingly, the district court did not err in enhancing the appellant's guideline sentencing range.

**Affirmed**.